10-4822-ag
Simioni v. Holder

BIA
Straus, IJ
A098 906 951

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of April, two thousand twelve.

PRESENT:
　　　　JOHN M. WALKER, JR.,
　　　　ROBERT A. KATZMANN,
　　　　PETER W. HALL,
　　　　　　*Circuit Judges.*

_____

ELVIS AUGUSTO SIMIONI,
　　　　*Petitioner,*

　　　　v.　　　　　　　　　　　　　　　　10-4822-ag
　　　　　　　　　　　　　　　　　　　　NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
　　　　*Respondent.*

_____

FOR PETITIONER:　　　　James A. Welcome, Waterbury, Conn.

FOR RESPONDENT:　　　　Tony West, Assistant Attorney
　　　　　　　　　　　　General; James E. Grimes, Senior
　　　　　　　　　　　　Litigation Counsel; Gregory M.
　　　　　　　　　　　　Kelch, Attorney, Office of
　　　　　　　　　　　　Immigration Litigation, United
　　　　　　　　　　　　States Department of Justice,
　　　　　　　　　　　　Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DISMISSED in part, DENIED in part, and GRANTED in part.

Petitioner Elvis Augusto Simioni ("Simioni"), a native and citizen of Brazil, seeks review of an October 26, 2010, order of the BIA, affirming the November 6, 2008, decision of Immigration Judge ("IJ") Michael W. Straus, which pretermitted his application for asylum and denied his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Elvis Augusto Simioni*, No. A098 906 951 (B.I.A. Oct. 26, 2010), *aff'g* No. A098 906 951 (Immig. Ct. Hartford Nov. 6, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

I.      Humanitarian Asylum

Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the

2

agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D). Notwithstanding that provision, we retain jurisdiction to review constitutional claims and "questions of law." 8 U.S.C. § 1252(a)(2)(D). While Simioni argues that the IJ erred by failing to assess his eligibility for humanitarian asylum, as the government points out, IJs lack discretion to grant humanitarian asylum where, as here, the underlying asylum application is untimely. *See* 8 C.F.R. § 1208.13(b)(1)(iii), (c)(1); 8 U.S.C. § 1158(a)(2). Because Simioni's eligibility for humanitarian asylum is foreclosed by the agency's finding that his application for asylum was untimely, and he has not identified any errors of law in this finding, we lack jurisdiction to review his arguments concerning his eligibility for humanitarian asylum.

II.    Past Persecution

Although Simioni argues that the IJ applied an overly rigorous standard in rejecting his claim for withholding of removal based on past persecution, the IJ reasonably

3

determined that because Simioni failed to satisfy his burden of demonstrating past persecution with respect to asylum, he necessarily failed to meet the higher burden required for withholding of removal. *See Ramsameachire v. Ashcroft*, 357 F.3d 169,178 (2d Cir. 2004) ("Because the withholding of removal analysis overlaps factually with the asylum analysis, but involves a higher burden of proof, an alien who fails to establish his entitlement to asylum necessarily fails to establish his entitlement to withholding of removal.".

In finding that Simioni failed to establish past persecution, the IJ reasonably determined that the sexual abuse he suffered at the hands of his brother was not on account of a protected ground. Pursuant to 101(a)(3) of the REAL ID Act, 8 U.S.C. § 1158(b)(1)(B)(i), "the applicant must establish that [a protected ground] was or will be at least one central reason for" the claimed persecution. *See also* 8 U.S.C. § 1101(a)(42); 8 C.F.R. § 1208.16(b)(1). Notwithstanding Simioni's conclusory assertion that the record supports his past persecution claim, the IJ properly determined that there was no evidence in the record indicating that his brother's abuse was motivated by a belief that Simioni was gay.

4

III.     Likelihood of Future Persecution

As Simioni points out, the agency failed to consider his HIV-positive status in finding that he did not establish a likelihood of future persecution in Brazil.  We have found that the agency must "consider all factual assertions in an applicant's claim for eligibility [except] where the evidence in support of a factor potentially giving rise to eligibility is 'too insignificant to merit discussion.'" *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 149 (2d Cir. 2003), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 309-10 (2d Cir. 2007) (en banc).  While the government contends that Simioni did not argue that he would be persecuted because he is HIV-positive, the memorandum he submitted to the IJ clearly stated that his HIV status placed him at additional risk of future persecution because he would experience significant societal scorn, harassment, and possible denials of medical care and employment.  Moreover, at the merits hearing Simioni's counsel explicitly argued that his fear of persecution was based, in part, on his HIV-positive status, and Simioni contested the IJ's denial of relief on this ground before the BIA.  "The BIA, when considering an appeal, must actually consider the evidence and argument

that a party presents." *Yan Chen v. Gonzales*, 417 F.3d 268, 272 (2d Cir. 2005) (internal quotation marks omitted). Because the BIA failed to consider Simioni's HIV-positive status, it erred in assessing the likelihood of future persecution, and remand of these proceedings is appropriate. *See Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir. 2007) (recognizing that this Court limits its review to the agency's reasoning and will not search the record for alternative bases on which to affirm the agency's decision).

For the foregoing reasons, the petition for review is DISMISSED, in part, as we lack jurisdiction to consider the denial of humanitarian asylum; DENIED, in part, as the agency did not err in finding that Simioni failed to establish past persecution; and GRANTED, in part, as the agency did not consider Simioni's HIV-positive status in assessing the likelihood of future persecution.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6